# EXHIBIT H

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Leo B. Oppenheimer │ Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

# REID │ COLLINS │ TSAI LLP

March 13, 2019

**_Via Certified Mail and Electronic Mail to Counsel_**

Alkot, Ltd
100 Market Place
Manhattan, IL 60442
Attn: John Kotara

      Re:     *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

      This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

      CGI's records indicate that Alkot, Ltd (the "Member"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$186,969.61**. This amount is made up of the components described below.

      **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $116,873.70 and no cash on deposit. Thus, the Trustee demands payment of $116,873.70 for the A/R balance.

      **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Alkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $35,994.55 of these rebate payments as follows: $20,897.13 on August 15, 2016; $15,097.42 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $35,994.55 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $17,721.36 related to allowances. CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). Accordingly, the Trustee demands payment of $17,721.36 related to this payment.

**Avoidable Class B Redemption:** Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $16,380.00 payment to the Member for redemption of Class B shares. This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $16,380.00 related to this payment.

Please remit payment in the full amount of **$186,969.61**. to the Trustee no later than **April 3, 2019**. If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Alkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Alkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ailkot Ltd
100 Market Place
Manhattan LL 60642

9590 9402 3792 8032 7832 22

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7164

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  3116

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

Leo B. Oppenheimer │ Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

**REID │ COLLINS │ TSAI** LLP

March 13, 2019

<u>*Via Certified Mail and Electronic Mail to Counsel*</u>

Aromakot, Ltd
200 S. Bridge Street
Aroma Park, IL 60481
Attn: John Kotara

     Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

     This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

     CGI's records indicate that Aromakot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$89,256.34**.  This amount is made up of the components described below.

     **Unpaid Accounts Receivable:**  CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $53,845.22 and no cash on deposit.  Thus, the Trustee demands payment of $53,845.22 for the A/R balance.

     **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Aromakot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $21,510.56 of these rebate payments as follows: $11,416.27 on August 15, 2016; $10,094.29 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $21,510.56 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $5,710.56 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $5,710.56 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $8,190.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $8,190.00 related to this payment.

Please remit payment in the full amount of **$89,256.34**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Aromakot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Aromakot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois. Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Aromalot ltd
200 S. Bridge St
Aroma Park, IL 60481

9590 9402 3792 8032 7831 92

2. Article [Number]

7018 0360 0000 7347 7218

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Loren Rieder_    ☒ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Loren Rieder                     3/23/19

D. Is delivery address different from item 1?  ☒ Yes
If YES, enter delivery address below:          ☐ No

P.O Box 50
Aroma Park IL
60910

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ [...] Mail [...]ted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

Leo B. Oppenheimer │ Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

REID │ COLLINS │ TSAI LLP

March 13, 2019

<u>*Via Certified Mail and Electronic Mail to Counsel*</u>

Berkot's, Ltd
20005 S. Wolf Road
Mokena, IL 60448
Attn: John Kotara

      Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

      This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

      CGI's records indicate that Berkot's, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$216,874.03**.  This amount is made up of the components described below.

      **Unpaid Accounts Receivable:**  CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $124,434.10 and no cash on deposit.  Thus, the Trustee demands payment of $124,434.10 for the A/R balance.

      **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  *See, e.g.*, 11 U.S.C. § 548(a)(1)(B).  On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Berkot's, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $48,054.92 of these rebate payments as follows: $26,888.19 on August 15, 2016; $21,166.73 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $48,054.92 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $21,609.01 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $21,609.01 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $22,776.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $22,776.00 related to this payment.

Please remit payment in the full amount of **$216,874.03**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Berkot's, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Berkot's, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Berkots Ltd
20005 S. Wolf Rd
Mokena, IL 60448

9590 9402 3792 8032 7832 60

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

**REID | COLLINS | TSAI** LLP

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

March 13, 2019

<u>*Via Certified Mail and Electronic Mail to Counsel*</u>

Braidkot, Ltd
180 N. Front Street
Braidwood, IL 60408
Attn: John Kotara

Re:   *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

CGI's records indicate that Braidkot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$129,300.20**. This amount is made up of the components described below.

**Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $94,933.84 and no cash on deposit. Thus, the Trustee demands payment of $94,933.84 for the A/R balance.

**Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Braidkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $14,992.50 of these rebate payments as follows: $6,941.26 on August 15, 2016; $8,051.24 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $14,992.50 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $10,169.86 related to allowances. CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). Accordingly, the Trustee demands payment of $10,169.86 related to this payment.

**Avoidable Class B Redemption:** Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $9,204.00 payment to the Member for redemption of Class B shares. This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $9,204.00 related to this payment.

Please remit payment in the full amount of **$129,300.20**. to the Trustee no later than **April 3, 2019**. If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Braidkot, Ltd." If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Braidkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Braidkot Ltd
180 N. Front St.
Braidwood, IL 60408

9590 9402 3792 8032 7832 46

Article Number (Transfer from service label)
7018 0360 0000 7347 7140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x Jake Jake
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Jennifer Jukmuis

C. Date of Delivery
5-16-19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

# REID | COLLINS | TSAI LLP

March 13, 2019

_**Via Certified Mail and Electronic Mail to Counsel**_

Coalkot, Ltd
100 S. Broadway
Coal City, IL 60416
Attn: John Kotara

   Re: _In re Central Grocers, Inc., et al._, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

   This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

   CGI's records indicate that Coalkot, Ltd (the "Member"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$314,597.58**. This amount is made up of the components described below.

   **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $192,737.84 and no cash on deposit.  Thus, the Trustee demands payment of $192,737.84 for the A/R balance.

   **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  _See, e.g._, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Coalkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $64,467.58 of these rebate payments as follows: $38,773.34 on August 15, 2016; $25,694.24 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $64,467.58 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $29,780.16 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $29,780.16 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $27,612.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $27,612.00 related to this payment.

Please remit payment in the full amount of **$314,597.58**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Coalkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Coalkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Coalcot Ltd
100 S. Broadway
Coal City IL 60416

9590 9402 3792 8032 7829 59

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Lovell 3-16-19_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Elizabeth Lovell

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

REID | COLLINS | TSAI LLP

Leo B. Oppenheimer | Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

March 13, 2019

**_Via Certified Mail and Electronic Mail to Counsel_**

Dikot, Ltd
317 W. Waupansie Street
Dwight, IL 60420
Attn: John Kotara

    Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

CGI's records indicate that Momkot, Ltd (the "Member"), was a member of the CGI cooperative.   By this letter, the Trustee demands payment in the amount of **$157,158.18**.  This amount is made up of the components described below.

**Unpaid Accounts Receivable:**   CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $109,837.36 and no cash on deposit.  Thus, the Trustee demands payment of $109,837.36 for the A/R balance.

**Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Momkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $24,944.69 of these rebate payments as follows: $14,523.31 on August 15, 2016; $10,421.38 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $24,994.69 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $11,066.13 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $11,066.13 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $11,310.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $11,310.00 related to this payment.

Please remit payment in the full amount of **$157,158.18**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Momkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Momkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dikot ltd
317 W. Waupansie
Dwight IL 60420

9590 9402 3792 8032 7832 15

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7188

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ail
☐ ___ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

REID | COLLINS | TSAI LLP

March 13, 2019

*Via Certified Mail and Electronic Mail to Counsel*

Lockot, Ltd
500 Summit Plaza
Lockport, IL 60441
Attn: John Kotara

  Re: *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

  This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

  CGI's records indicate that Lockot, Ltd (the "Member"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$178,869.79**.  This amount is made up of the components described below.

  **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $111,203.04 and no cash on deposit.  Thus, the Trustee demands payment of $111,203.04 for the A/R balance.

  **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  *See, e.g.*, 11 U.S.C. § 548(a)(1)(B).  On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Lockot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $35,904.68 of these rebate payments as follows: $20,701.71 on August 15, 2016; $15,202.97 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $35,904.68 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $15,460.07 related to allowances. CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). Accordingly, the Trustee demands payment of $15,460.07 related to this payment.

**Avoidable Class B Redemption:** Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $16,302.00 payment to the Member for redemption of Class B shares. This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $16,302.00 related to this payment.

Please remit payment in the full amount of **$178,869.79**. to the Trustee no later than **April 3, 2019**. If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Lockot, Ltd." If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Lockot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lockot Ltd.
500 Summit Plaza
Lock Port IL 60441

9590 9402 3792 8032 7829 42

2. Art _____ service label

7018 0360 0000 7347 7102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☒ Addressee

B. Received by (Printed Name)
JOHN TORTEN

C. Date of Delivery
3-16-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ ricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

# REID | COLLINS | TSAI LLP

March 13, 2019

_**Via Certified Mail and Electronic Mail to Counsel**_

Midkot, Ltd
4640 W. 147th Street
Midlothian, IL 60445
Attn: John Kotara

Re:   _In re Central Grocers, Inc., et al._, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

CGI's records indicate that Midkot, Ltd (the "Member"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$201,601.23**.  This amount is made up of the components described below.

**Unpaid Accounts Receivable:**   CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $128,006.90 and no cash on deposit.  Thus, the Trustee demands payment of $128,006.90 for the A/R balance.

**Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  _See, e.g._, 11 U.S.C. § 548(a)(1)(B).  On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Midkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $37,543.71 of these rebate payments as follows: $21,834.13 on August 15, 2016; $15,709.58 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $37,543.71 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $18,428.62 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $18,428.62 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $17,082.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $17,082.00 related to this payment.

Please remit payment in the full amount of **$201,061.23**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Midkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Midkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Midkot Ltd
4440 W. 147th St
Midlothian IL 60445

9590 9402 3792 8032 7829 66

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Margaret R Netter
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Margaret R Nelson

C. Date of Delivery
3/19/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

# REID | COLLINS | TSAI LLP

March 13, 2019

***Via Certified Mail and Electronic Mail to Counsel***

Momkot, Ltd
159 Sterling Place
Momence, IL 60954
Attn: John Kotara

      Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

      This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

      CGI's records indicate that Momkot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$149,186.61**. This amount is made up of the components described below.

      **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $93,659.33 and no cash on deposit. Thus, the Trustee demands payment of $93,659.33 for the A/R balance.

      **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to

Momkot, Ltd
March 13, 2019
Page - 2

CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI, moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $29,126.03 of these rebate payments as follows: $17,183.00 on August 15, 2016; $11,943.03 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $29,126.03 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $13,453.25 related to allowances. CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). Accordingly, the Trustee demands payment of $13,453.25 related to this payment.

**Avoidable Class B Redemption:** Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $12,948.00 payment to the Member for redemption of Class B shares. This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $12,948.00 related to this payment.

Please remit payment in the full amount of **$149,186.61**. to the Trustee no later than **April 3, 2019**. If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Momkot, Ltd." If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank

Momkot, Ltd
March 13, 2019
Page - 3

45 Glastonbury Boulevard
Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MomLot Ltd
159 Sterling Place
Momence IL 60954

9590 9402 3792 8032 7832 39

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7157

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Dana Boeve*   ☑ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                  3-16-19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

REID | COLLINS | TSAI LLP

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

March 13, 2019

<u>**Via Certified Mail and Electronic Mail to Counsel**</u>

Newkot, Ltd
2141 Calistoga Drive
New Lenox, IL 60451
Attn: John Kotara

  Re: *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

  This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

  CGI's records indicate that Newkot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$206,292.14**. This amount is made up of the components described below.

  **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $125,141.18 and no cash on deposit. Thus, the Trustee demands payment of $125,141.18 for the A/R balance.

  **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Newkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $44,125.09 of these rebate payments as follows: $25,135.66 on August 15, 2016; $18,989.43 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $44,125.09 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $16,667.87 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $16,667.87 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $20,358.00 payment to Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $20,358.00 related to this payment.

Please remit payment in the full amount of **$206,292.14**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Newkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Newkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Newlot Ltd
2141 Calistoga Dr.
New Lenox IL 60451

9590 9402 3792 8032 7829 73

2. Article Number (Transfer from service label)

7003 1680 0001 5528 3672

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
3|16|19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main:  214.420.8900
Fax:  214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct:  214.420.8904
loppenheimer@rctlegal.com

**REID | COLLINS | TSAI** LLP

March 13, 2019

<u>*Via Certified Mail and Electronic Mail to Counsel*</u>

Orkot, Ltd
11333 W. 159th Street
Orlando Park, IL 60467
Attn: John Kotara

  Re:  *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

  This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter.  The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors.  The Trustee is collecting all monies owed to CGI by its former members.

  CGI's records indicate that Orkot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative.  By this letter, the Trustee demands payment in the amount of **$156,051.33**.  This amount is made up of the components described below.

  **Unpaid Accounts Receivable:**  CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $91,272.40 and no cash on deposit.  Thus, the Trustee demands payment of $91,272.40 for the A/R balance.

  **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016.  CGI was undoubtedly insolvent at that time.  CGI,

Orkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $37,203.54 of these rebate payments as follows: $21,591.95 on August 15, 2016; $15,611.59 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $37,203.54 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $14,549.39 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $14,549.39 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $13,026.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $13,026.00 related to this payment.

Please remit payment in the full amount of **$156,051.33**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Orkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Orkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois. Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Orkots Ltd
11333 W. 159th St.
Orland Park, IL 60467

9590 9402 3792 8032 7832 53

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7133

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Frances Raush

☐ Agent
☑ Addressee

B. Received by (Printed Name)      C. Date of Delivery

B. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

REID | COLLINS | TSAI LLP

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

March 13, 2019

<u>*Via Certified Mail and Electronic Mail to Counsel*</u>

Peokot, Ltd
312 S Harlem
Peotone, IL 60468
Attn: John Kotara

    Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

    This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

    CGI's records indicate that Peokot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$136,827.91**. This amount is made up of the components described below.

    **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $82,697.74 and no cash on deposit. Thus, the Trustee demands payment of $82,697.74 for the A/R balance.

    **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Peokot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $28,006.98 of these rebate payments as follows: $16,232.17 on August 15, 2016; $11,774.81 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $28,006.98 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $13,253.19 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $13,253.19 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares.  On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $12,870.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $12,870.00 related to this payment.

Please remit payment in the full amount of **$136,827.91**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Peokot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Peokot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Peokot ltd.
S. Harlem
Peotone IL 60488

9590 9402 3792 8032 7829 35

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7119

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Emily Prium                       16 March

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ail
☐ ___ail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

REID | COLLINS | TSAI LLP

March 13, 2019

**_Via Certified Mail and Electronic Mail to Counsel_**

Watsekot, Ltd
1152 E. Walnut Street
Watseka, IL 60970
Attn: John Kotara

    Re:    *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

This law firm is special litigation counsel to Howard B. Samuels (the "<u>Trustee</u>"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("<u>CGI</u>"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

CGI's records indicate that Watsekot, Ltd (the "<u>Member</u>"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$127,829.97**. This amount is made up of the components described below.

**Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("<u>A/R</u>") for goods purchased from CGI in the amount of $73,879.04 and no cash on deposit. Thus, the Trustee demands payment of $73,879.04 for the A/R balance.

**Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Watsekot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $29,288.80 of these rebate payments as follows: $16,025.01 on August 15, 2016; $13,263.79 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $29,288.80 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $10,622.13 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $10,622.13 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $14,040.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $14,040.00 related to this payment.

Please remit payment in the full amount of **$127,829.97**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Watsekot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Watsekot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois. Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Watseka Lot Ltd
1152 E. Walnut St.
Watseka IL
60970

9590 9402 3792 8032 7832 08

2. 

7018 0360 0000 7347 7195

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Michele Roah_   ☐ Agent
   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

3/18/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☑ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

# REID | COLLINS | TSAI LLP

March 13, 2019

### *Via Certified Mail and Electronic Mail to Counsel*

Westkot, Ltd
451 N. Locust
Manteno, IL 60950
Attn: John Kotara

  Re: *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

  This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

  CGI's records indicate that Momkot, Ltd (the "Member"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$194,988.32**. This amount is made up of the components described below.

  **Unpaid Accounts Receivable:** CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $119,648.13 and no cash on deposit. Thus, the Trustee demands payment of $119,648.13 for the A/R balance.

  **Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.*, 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Momkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $40,338.58 of these rebate payments as follows: $23,523.48 on August 15, 2016; $16,815.10 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $40,338.58 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $16,827.61 related to allowances. CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). Accordingly, the Trustee demands payment of $16,827.61 related to this payment.

**Avoidable Class B Redemption:** Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members. These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $18,174.00 payment to the Member for redemption of Class B shares. This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a). Thus, the Trustee demands payment of $18,174.00 related to this payment.

Please remit payment in the full amount of **$194,988.32**. to the Trustee no later than **April 3, 2019**. If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Momkot, Ltd." If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Momkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Westkot Ltd
451 N. Locust
Manteno IL 60950

9590 9402 3792 8032 7829 28

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7171

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Ben Lui
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Becka Link

C. Date of Delivery
3/6/9

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...stricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Thanksgiving Tower
1601 Elm Street, Suite 4250
Dallas, Texas 75201
Main: 214.420.8900
Fax: 214.420.8909
www.rctlegal.com

REID | COLLINS | TSAI LLP

Leo B. Oppenheimer | Associate
Direct: 214.420.8904
loppenheimer@rctlegal.com

March 13, 2019

***Via Certified Mail and Electronic Mail to Counsel***

Wilkot, Ltd
700 W. Baltimore
Wilmington, IL 60481
Attn: John Kotara

Re:     *In re Central Grocers, Inc., et al.*, Case No. 17-13886 (Bankr. N.D. Ill.)

Dear Mr. Kotara:

This law firm is special litigation counsel to Howard B. Samuels (the "Trustee"), not individually but solely in his capacity as the chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack & Van Til Super Market, Inc., and SVT, LLC in the above-referenced matter. The Trustee has the statutory power to pursue CGI's legal rights for the benefit of its bankruptcy estate and creditors. The Trustee is collecting all monies owed to CGI by its former members.

CGI's records indicate that Wilkot, Ltd (the "Member"), was a member of the CGI cooperative. By this letter, the Trustee demands payment in the amount of **$167,965.49**. This amount is made up of the components described below.

**Unpaid Accounts Receivable:**   CGI's records state that the Member has outstanding unpaid accounts receivable ("A/R") for goods purchased from CGI in the amount of $103,440.29 and no cash on deposit. Thus, the Trustee demands payment of $103,440.29 for the A/R balance.

**Avoidable Rebate Payments:** Pursuant to the U.S. Bankruptcy Code, a bankruptcy trustee may avoid a transfer from an insolvent entity made for less than reasonably equivalent value as a constructively fraudulent transfer. *See, e.g.,* 11 U.S.C. § 548(a)(1)(B). On September 15, 2016, CGI's Board of Directors authorized the payment of a rebate to CGI's members for fiscal 2016. CGI was undoubtedly insolvent at that time. CGI,

Wilkot, Ltd
March 13, 2019
Page - 2

moreover, received little to no value for this declaration of a rebate or the payment of rebates.

CGI's records indicate that the Member received $35,550.35 of these rebate payments as follows: $21,742.80 on August 15, 2016; $13,807.55 on October 27, 2016. These rebate payments are avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $35,550.35 related to these rebate payments.

**Avoidable Allowance Payments:** On October 27, 2016, CGI paid the Member $14,232.85 related to allowances.  CGI was insolvent at that time and received no value in exchange for the allowance payment. Just like the rebate payments, a bankruptcy trustee may avoid the allowance payment as a constructively fraudulent transfer.  *See, e.g.,* 11 U.S.C. § 548(a)(1)(B).  Accordingly, the Trustee demands payment of $14,232.85 related to this payment.

**Avoidable Class B Redemption:**  Certain members converted a portion of their 2016 rebate into Class B shares and then immediately requested CGI redeem those shares. On November 17, 2016, CGI issued redemption checks to requesting members.  These payments are also constructively fraudulent transfers as CGI was insolvent at this time and received little to no value for these payments.

CGI's records indicate that CGI made a $14,742.00 payment to the Member for redemption of Class B shares.  This payment is avoidable and recoverable by the Trustee under 11 U.S.C. §§ 548(a)(1)(B) and 550(a).  Thus, the Trustee demands payment of $14,742.00 related to this payment.

Please remit payment in the full amount of **$167,965.49**. to the Trustee no later than **April 3, 2019**.  If paying by check, make it payable to "Howard Samuels, Trustee in Bankruptcy of Central Grocers, Inc." and mail it to:

**Mr. Howard B. Samuels**
**Rally Capital Services LLC**
**350 North LaSalle Street, Suite 1100**
**Chicago, IL  60654**

Please note on the check "Wilkot, Ltd."  If paying by wire, please use the following wire information:

**Beneficiary Bank Information**
United Bank
45 Glastonbury Boulevard

Wilkot, Ltd
March 13, 2019
Page - 3

Glastonbury, CT 06033
ABA: 211170318

**Beneficiary Information**
Central Grocers Member Action/Notes AR - RCT
350 N. LaSalle Street, Suite 1100
Chicago, IL 60654
C/O Howard B. Samuels, Chapter 7 Trustee
Account No. 710000005863

Failure to timely remit payment may result in the Trustee immediately commencing legal claims against the Member and any other responsible parties before the U.S. Bankruptcy Court for the Northern District of Illinois.  Please note that if the Trustee pursues legal action to recover the amounts the Member owes, the Trustee will also seek to recover interest, costs, and/or attorney's fees, as permitted under applicable law, article XV of CGI's Amended and Restated By-Laws (effective November 2012), and section 13.a of CGI's Rules and Regulations (effective March 2013).

Thank you for your attention to this matter.

Sincerely,

Leo B. Oppenheimer

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Willkot
700 W Baltimore
Wilmington IL
60481

9590 9402 3792 8032 7831 78

2. Article Number (Transfer from service label)

7018 0360 0000 7347 7201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Mike Ryd_     ☐ Agent     ☑ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Mike Rydzinski     3-16-19

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt